UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CODEGEAR LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DELPHIX CORP.<br><br>    Defendant. | CASE NO.  1:19-cv-00563<br><br>**ORIGINAL COMPLAINT**<br><br>[Jury Trial Demanded] |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

For its Original Complaint against Delphix Corp. ("DelphiX"), CodeGear LLC, alleges as follows:

**PARTIES AND RELATED ENTITIES**

1. CodeGear LLC ("CodeGear") is a Delaware Limited Liability Company with its principal place of business in Austin, Texas.

2. Delphix Corp. ("DelphiX") is a Delaware corporation with it principal place of business in Redwood City, California.

3. Embarcadero Technologies, Inc. ("Embarcadero") is a related company to CodeGear LLC and Embarcadero's use of the DELPHI mark inures to the benefit of CodeGear LLC. To the extent that Embarcadero uses the DELPHI mark, has rights in such mark as a licensee/related company and/or is harmed by actions of DelphiX, Embarcadero and CodeGear are sometimes referred to herein collectively as "CodeGear/Embarcadero"). Other uses by related companies of CodeGear are not segregated and by virtue of being related companies, such uses are incorporated into the defined term "CodeGear").

**JURISDICTION AND VENUE**

4. The claims of this Original Complaint are to rectify the federal trademark register,

1

to recover damages and/or profits, for injunctive relief and to recover attorneys' fees under the trademark laws of the United States and related state laws, and this court has original jurisdiction of the subject matter for each of the following claims:

  a. Trademark infringement in violation of the Lanham Act, 15 U.S.C. §1051, et seq., with jurisdiction vested in this Court by virtue of 15 U.S.C. § 1121 and 28 U.S.C. § 1338 (a).

  b. Trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125 (a), with jurisdiction vested in this Court by virtue of 15 U.S.C. § 1121 and 28 U.S.C. §1338(a).

  c. Trademark infringement in violation of state common law with jurisdiction vested in this Court by virtue of 28 U.S.C. §§ 1338(b) and 1367(a).

  d. Violation of Texas common law prohibition against unfair competition, with jurisdiction vested in this Court by virtue of 28 U.S.C. §§ 1338(b) and 1367(a).

  e. Rectification of the Federal Trademark Register by denying registration to DelphiX' pending trademark application serial number 77/944256 and cancelling DelphiX' trademark registration no. 3768914, with jurisdiction vested in this Court by virtue of 15 U.S.C. §§1119 and 1121.

5. Personal jurisdiction and venue are proper in this district in that Defendant has caused harm in this state and district, by *inter alia*, challenging the rights of plaintiff, a resident of Austin, Texas, as used by Plaintiff's related company and licensee, Embarcadero.

6. Defendant has further subjected itself to jurisdiction in this state and district by advertising, promoting, selling, shipping, and/or delivering infringing products into this state and district.

## CODEGEAR HAS EXCLUSIVE RIGHTS IN THE FEDERALLY REGISTERED "DELPHI" MARK IN CONNECTION WITH VARIOUS SOFTWARE PRODUCTS

7. CodeGear is the exclusive owner of U.S. Trademark Registration No. 2,873,025, which registered on August 17, 2004 for the mark DELPHI for computer programs for use in the

field of compilers, assemblers, application development, tools and utilities, database implementation reporting and connectivity, user interfaces, visual development tools and programming tools and utilities and instructional manuals sold therewith. Such registration is valid, and in full force and effect. A true and correct copy of this registration is attached as Exhibit A. Such registration is on the Principal Register of the United States Patent & Trademark Office, has become "incontestible" under the provisions of the Trademark Act and is conclusive proof of the exclusive rights of CodeGear to the DELPHI mark shown in such registration.

8. At all relevant times, CodeGear has provided notice pursuant to 15 U.S.C. § 1111 that such mark is registered.

9. The mark DELPHI was first adopted and used in 1994 to identify a newly introduced line of computer software tools and utilities for application development and database implementation (software applications being, for the most part, not useful without a database with which to interface, and databases being, for the most part, not useful with software applications which access and utilize the data). As applications and the associated databases ended up being stored or located separately (including, in more recent years, cloud-based), the operation and specifics of the application development and database implementation evolved, but the basic functionality carried through - essentially, companies focused on better, faster and more efficient application development, better and more "robust" databases structures, and optimizing the ability to create, maintain and access the applications and the databases necessary for their work.

10. In its early iteration, DELPHI was a rapid application development (RAD) software tool, which migrated into a robust Integrated Development Environment (IDE), which allowed for rapid application development in many environments, and working with multiple types and sources of databases.

11. The DELPHI name has been continuously used by its predecessor, Borland International Inc., and then CodeGear LLC (and its licensees and related companies, including Embarcadero) alone and in multiple variations throughout approx. 25 years, including in forms and on products such as DELPHI, DELPHI PRISM, DELPHI 2 (through 9), DELPHI 2005

(through 2010), DELPHI FOR PHP, DELPHI X, DELPHI XE, DELPHI XE2 (through XE8) and others, as well as related documentation, applications, tools, services and education and training with those product lines.

12. There is a long history and practice in the computer and software industry of use of "X" as a suffix and/or addition to well-known marks to either indicate a 10th (i.e., Roman numeral X) version, or an eXtended and enhanced version of software or product, or XE for an eXtended Edition, or in some cases an eXperimental or beta version.  See, for example, OSX (of Apple), Adobe X (of Adobe Software).

13. The mark and name DELPHI was first adopted as a reference to the legendary Greek font of wisdom and knowledge, the Oracle at Delphi.  At the time, one of the leading databases in the computer industry was from Oracle Corp. and naming software DELPHI that facilitated communicating with Oracle was a clever, albeit somewhat indirect, reference to the awe of the ancient classical world's faith in the importance of the Oracle at Delphi.

**DELPHIX' INTENTIONAL ADOPTION OF THE ALMOST IDENTICAL DELPHIX NAME AND MARK TO TRADE ON THE GOODWILL OF CODEGEAR/EMBARCADERO IS WILLFUL INFRINGEMENT**

14. Plaintiff is informed and believes and thereon alleges that Defendant was well aware of the DELPHI product line and chose the DELPHIX mark for exactly the same reason -- DelphiX was named as a reference to the Oracle at Delphi.  Indeed, DelphiX proudly explained this same reason for its name selection of DelphiX on its website.  DelphiX only removed the reference to the Oracle at Delphi from its website after CodeGear's related company, Embarcadero, pointed out the similarity and concern for the very confusion CodeGear/Embarcadero anticipated.

15. Rather than taking steps to distinguish itself from CodeGear and its related company, Embarcadero and its leading DELPHI products, DelphiX took the very unusual action of affirmatively promoting CodeGear/Embarcadero products on its own DelphiX websites.  This falsely created the impression and image of a connection with, association with and/or sponsorship

of DelphiX by CodeGear/Embarcadero.

16. DelphiX maintained a website titled --The Oracle at DelphiX – which promoted its DelphiX products.

17. As part of its intentional practice and policy of emulating and creating association between DELPHI and DELPHIX in the minds of consumers, DelphiX hired Kyle Hailey. Mr. Hailey was a former Embarcadero developer and is very well known in the software industry. Mr. Hailey's numerous blogs, website postings and writings on behalf of DelphiX frequently discussed and even praised software products from CodeGear/Embarcadero.

18. Kyle Hailey was the key developer of a very well-known Codegar/Embarcadero product named DB Optimizer, and frequently promoted CodeGear/Embarcadero's DB Optimizer products on The Oracle at DelphiX website, and other websites. The postings and articles by Hailey, resulted in a clear and intentional association between CodeGear/Embarcadero and CodeGear/Embarcadero's DELPHI products with DELPHIX.

19. DelphiX' website The Oracle at DelphiX even promoted CodeGear/Embarcadero's DB Optimizer as one of the "best Oracle performance tools," and advertised many events and publications about the CodeGear/Embarcadero product.

20. The Oracle at DelphiX website also praises and promotes the CodeGear/Embarcadero All Access suite of products, again resulting in a clear and intentional association between CodeGear/Embarcadero, its DELPHI products and DELPHIX, and suggesting approval and/or sponsorship by CodeGear/Embarcadero.

21. DelphiX attempts to characterize its DELPHIX products as somehow different and unrelated to DELPHI, and somehow highly specialized in its own right.

22. Whether or not DelphiX' initial products and market focus was specialized as DelphiX touts, what is key for infringement purposes is that DelphiX now advertises and promotes its DELPHIX products in the same channels of trade, at the same trade shows, to the same customers, and for similar, compatible and/or closely related purposes.

23. DelphiX promotes its DELPHIX products as expediting and facilitating software

application development and data management.

24. DelphiX promotes its DELPHIX products as assisting application development teams to increase project output many times over, and to provide innovations in application development and delivery.

25. DelphiX promotes its DELPHIX products as expediting and facilitating "agile" application development ("agile development") and data management.

26. DelphiX promotes its DELPHIX products as expediting and facilitating Enterprise Resource Planning (ERP) applications and development.

27. DelphiX promotes its DELPHIX products as expediting and facilitating applications development environments (another way of saying integrated development environments or IDE's).

28. DelphiX promotes its DELPHIX products as expediting and facilitating Master Data Management and Master Data Modeling (both related concepts identified by the acronym MDM) applications and development.

29. DelphiX promotes its DELPHIX products as expediting and facilitating use in data virtualization and virtualization environments.

30. DelphiX promotes its DELPHIX products, inter alia, as of interest and assistance to application developers.

31. As a result of the widespread and continuous use and promotion of the DELPHI trademarks described above, such trademarks are well known throughout the United States and have become widely known and recognized as identifying CodeGear/Embarcadero as the source of a variety of software products including, without limitation, the DELPHI products, and as distinguishing the source of these goods from those of others.  These trademarks have come to and now do represent and symbolize the enviable reputation and very valuable goodwill of CodeGear/Embarcadero among advertisers, consumers, and other users of the software.

32. Without the knowledge and consent of CodeGear, DelphiX filed an application at the United States Patent and Trademark Office seeking to register the DELPHIX (Stylized) mark

for Computer software for use in database management; Database management software for managing database storage and provisioning functions. Such application filed by DelphiX matured to registration No. 3,768,914. DelphiX never brought the application, or the resulting registration, to the attention of CodeGear. When Embarcadero, CodeGear's related company, learned of the DELPHIX (Stylized) registration, Embarcadero immediately and timely filed a cancellation petition with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office. That cancellation petition has been "suspended" pending the outcome of court litigation regarding the registration.

33. Without the knowledge and consent of CodeGear, DelphiX filed an application at the United States Patent and Trademark Office seeking to register the DELPHIX (block letters) mark for Computer software for use in database management; Database management software for managing database storage and provisioning functions. Such application filed by DelphiX was assigned serial no. 77-944,256, and DelphiX never brought the pending application to the attention of CodeGear. Such application covers various formats of the DELPHIX mark including, without limitation, DelphiX, DELPHIX, delphix, and delphiX. When Embarcadero, CodeGear's related company, learned of the DELPHIX (block letter) application, Embarcadero immediately and timely filed an opposition proceeding with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office. That opposition proceeding has been "suspended" pending the outcome of court litigation involving the trademark application.

## DELPHIX, WITH FULL KNOWLEDGE OF CODEGEAR'S/EMBARCADERO'S RIGHTS HAS EXPANDED ITS MARKETING AND ADVERTISING TO CODEGEAR'S/EMBARCADERO'S CUSTOMERS THUS CONFIRMING DELPHIX' MALICIOUS INTENT

34. CodeGear's/Embarcadero's DELPHI product is so well known in the software industry that DelphiX could not have possibly been ignorant of the substantial rights enjoyed in CodeGear's/Embarcadero's DELPHI mark.

35. DelphiX knew about CodeGear/Embarcadero and the DELPHI product line and adopted the nearly identical DELPHIX mark notwithstanding its actual and constructive knowledge of CodeGear/Embarcadero's rights.

36. Even if DelphiX could somehow claim ignorance initially, after Embarcadero filed the administrative proceedings before the Trademark Trial and Appeal Board ("TTAB") of the U.S. Patent & Trademark Office, there is no question that DelphiX was then keenly aware of CodeGear's/Embarcadero's rights.

37. Yet, with full knowledge of CodeGear's/Embarcadero's rights and objections to DelphiX' use of the DELPHIX mark, DelphiX during the pendency of the disputes at the TTAB, before this Court and at the Ninth Circuit, DelphiX has been expanding its advertising and marketing to further overlap with CodeGear's/Embarcadero's presence in the marketplace.

38. This prior knowledge of CodeGear/Embarcadero's rights and DelphiX' creeping expansion of its marketing and products evidences DelphiX' intentional, willful and malicious infringement, entitling CodeGear/Embarcadero to enhanced damages, attorneys' fees and costs.

39. CodeGear is further informed and believes, and thereon alleges, that unless enjoined and restrained by the Court, DelphiX will continue to purchase, import, advertise, promote, offer for sale, sell and distribute the infringing DelphiX products.

40. DelphiX is using the DELPHIX mark without the consent or permission of CodeGear.

41. DelphiX' use of trademarks confusing similar, and indeed virtually identical, to CodeGear's trademarks on or in connection with the promotion, advertising, sale, offering for sale, or distribution of its software constitutes trademark infringement and unfair competition under 15 U.S.C. § 1114 et seq. causes a likelihood of confusion, deception and mistake by the consuming public and the trade, and disparages CodeGear's goodwill and reputation.

42. DelphiX' use of trademarks confusing similar, and indeed virtually identical, to CodeGear's trademarks on or in connection with the promotion, advertising, sale, offering for sale, or distribution of its software constitutes trademark infringement and unfair competition, including

under 15 U.S.C. §1125 (a), because, *inter alia*, such acts constitute false representations, false descriptions, false designations of origin and cause a likelihood of confusion, deception and mistake by the consuming public and the trade, and disparages CodeGear's goodwill and reputation.

43. DelphiX' use of trademarks virtually identical to CodeGear's distinctive trademarks creates a likelihood that a false and unfair association will be made between the DELPHIX software and the goods of CodeGear/Embarcadero such that the purchasing public is likely to believe, that the DELPHIX software is a product of CodeGear/Embarcadero or is associated with, affiliated with or otherwise sponsored by CodeGear.

**DEFENDANT'S CONDUCT IS CAUSING CODEGEAR IRREPARABLE HARM**

44. DelphiX' unlawful acts, unless restrained, are likely to continue to cause actual confusion, mistake or deception to the purchasers of the DELPHIX software and CodeGear's/Embarcadero's goods.

45. Defendant's acts have caused and, unless restrained, will continue to cause CodeGear to suffer substantial irreparable damages and injury through, inter alia, (a) dilution of the distinctive quality of CodeGear's trademarks; (b) a likelihood of confusion, deception and mistake among the relevant purchasing public and the software trade as to the source, origin, sponsorship or approval of the goods associated with CodeGear's DELPHI trademark, and (c) depreciation of CodeGear's valuable goodwill and business reputation symbolized by its distinctive trademark.

46. CodeGear has suffered loss of profits and other damages from the confusion, mistake and deception resulting from the acts of Defendant, and CodeGear is informed and believes, and thereon alleges, that CodeGear will continue to suffer such damages unless and until Defendant is enjoined and restrained by this Court from engaging in the acts complained of herein.

47. CodeGear has no adequate remedy at law, because injury to its reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary amounts.

## FIRST CLAIM FOR RELIEF

(Trademark Infringement in Violation of the Lanham Act)

[15 U.S.C §§ 1114-1119]

48. CodeGear realleges and incorporates herein by this reference each and every one of the allegations contained in paragraphs 1 through 47 above, as though fully set forth herein.

49. Defendant's acts complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114 et seq.

## SECOND CLAIM FOR RELIEF

(Violation of § 43(a) of the Lanham Act – Trademark)

[15 U.S.C. § 1125 (a)]

50. CodeGear realleges and incorporates herein by this reference each and every one of the allegations contained in paragraphs 1 through 49 above, as though fully set forth herein.

51. By virtue of Defendant's creeping infringement, and expanding marketing channels, Defendant has infringed CodeGear's DELPHI trademarks, competed unfairly with CodeGear, and misappropriated and traded upon CodeGear's goodwill and business reputation by falsely representing its goods as being sponsored by, approved by, or connected with CodeGear.

52. CodeGear is informed and believes and thereon alleges, that Defendant is now, in various ways including through the use of advertising and marketing materials through its agents and employees, falsely representing to potential purchasers of its goods that such goods are affiliated, connected or associated with CodeGear by reason of the infringing use of CodeGear's distinctive DELPHI trademark.

53. DelphiX is now making false and misleading representations by engaging in commercial advertising using trademarks and promotional materials which are now virtually identical to trademarks and which are now being directed to the same class of customers as CodeGear's.

54. DelphiX is now using in commerce false designations of origin, false and misleading descriptions of fact or false or misleading representations of fact which are likely to

cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of DelphiX with CodeGear and as to the origin, sponsorship or approval of DelphiX's goods, services or commercial activities by CodeGear.

55. As a result of the foregoing, DelphiX is unfairly competing with CodeGear in violation of 15 U.S.C. § 1125(a).

### THIRD CLAIM FOR RELIEF

(State Common Law Trademark Infringement)

56. CodeGear realleges and incorporates herein by this reference each and every one of the allegations contained in paragraphs 1 through 55 above, as though fully set forth herein.

57. DelphiX's acts complained of herein constitute infringement under the common law of the State of Texas.

### FOURTH CLAIM FOR RELIEF

(State Common Law Unfair Competition)

58. CodeGear realleges and incorporates herein by this reference each and every one of the allegations contained in paragraphs 1 through 57 above, as though fully set forth herein.

59. DelphiX's conduct alleged herein was intended to use simulations of CodeGear's DELPHI trademark and unique identifying features in a manner which is likely to confuse and mislead members of the relevant public as to the origin, sponsorship, approval, affiliation, or license of DelphiX and of certain of DelphiX's products, and as to the false association or affiliation of said products with CodeGear. DelphiX's conduct as alleged herein was intended to confuse and mislead members of the public, and members of the public will believe that CodeGear sponsored, approved, or is affiliated with DelphiX and that CodeGear originated, approved or licensed DelphiX's products.

60. DelphiX's conduct alleged herein infringes CodeGear's common law trademark rights, is improper and constitutes common law trademark infringement and unfair competition with CodeGear all of which have damaged and will continue to damage irreparably CodeGear's goodwill and reputation unless restrained by this Court, because CodeGear has no adequate

remedy at law for DelphiX's conduct.

## FIFTH CLAIM FOR RELIEF

[Rectification of Trademark Register]

61. CodeGear realleges and incorporates herein by this reference each and every one of the allegations contained in paragraphs 1 through 60 above, as fully set forth herein.

62. Issues concerning the right to registration – whether maintaining/cancelling a registration or seeking a new registration are governed by certain different standards than infringement standards.

63. In determining the right to registration by a junior party when there is a conflict based upon likelihood of confusion, the Court looks to the goods listed in the application/registration and not the actual goods/services used by the junior party.

64. Among other things, if the junior party does not have limitations in the identification of goods, such as limitations on products described, limitations on the channels of trade, or limitations on the classes of customers, is must be conclusively presumed for the likelihood of confusion analysis that the junior party/trademark applicant will sell its goods through all channels of trade and will market and advertise its goods through all means.

65. Based upon the standards for registration, there is a strong and clear likelihood of confusion between DelphiX' marks and CodeGear's DELPHI marks.

## DEMAND FOR JURY TRIAL

Plaintiff, CodeGear LLC hereby requests a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That DelphiX and each of DelphiX' agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation, be enjoined and restrained preliminarily, perpetually and permanently from:

a. Using in any manner the DELPHIX or DELPHI trademarks or trade name, or colorable imitations thereof, alone or in combination, or with a word or words, or using any other words, symbols, configurations or designs which so resemble said marks as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product which is not manufactured, distributed or otherwise authorized by or for CodeGear;

b. Attempting to or passing-off, inducing or enabling others to sell or pass-off any product as a product affiliated with or sponsored by CodeGear, which product is not produced under the authorization, control and supervision of CodeGear and approved by CodeGear for sale under the CodeGear trademarks;

c. Copying, making colorable imitations of, or modifying any of CodeGear's advertising or promotional materials for use in connection with the advertising, promotion or sale of any of DelphiX's goods;

d. Committing any acts calculated or intended to cause purchasers to believe falsely that any of DelphiX's products are associated with, sponsored by, approved by, guaranteed by, connected with or produced under the control and supervision or within the authority of CodeGear;

e. Further diluting and infringing the rights of CodeGear in and to the CodeGear trademarks or otherwise damaging CodeGear's goodwill and business reputation;

f. Otherwise competing unfairly with CodeGear in any manner;

g. Obtaining, possessing, shipping, delivering, distributing, returning or otherwise disposing of in any manner advertising materials, goods or inventory bearing the DELPHI or DELPHIX marks, which materials, goods or inventories were not manufactured by or for CodeGear or authorized by CodeGear to be used, sold or offered for sale in association with or bearing the CodeGear trademarks;

h. Obtaining, possessing, manufacturing or using any tools, dies, stamping, mixing, embossing, printing, labeling, packaging, silk screening, molding equipment,

13

masters, or any other apparatus designed especially for the manufacture or labeling of unauthorized products bearing the CodeGear trademarks and packaging and advertising or display material relating thereto; or

        i.      Continuing to perform in any manner whatsoever any infringing acts.

    2.      That DelphiX be required to deliver immediately to CodeGear or its attorneys for destruction any and all products, guarantees, warranties, circulars, price lists, labels, signs, prints, packages, masters, wrappers, pouches, receptacles, advertising matter, promotional and other material in its possession or control bearing any CodeGear trademarks, or colorable imitations thereof, alone or in combination with any other words, or any other words or symbols which so resemble the CodeGear trademarks as to be likely to cause confusion, mistake or deception, which is or can be used in connection with the advertising, offering for sale, or sale of any product or service which is not manufactured, distributed, or otherwise authorized by CodeGear.

    3.      That DelphiX be required to deliver immediately to CodeGear or its attorneys for destruction any and all disks, tapes, computer graphics files, molds, plates, screens, graphics, matrices, patterns and any other means of making simulations, reproductions, counterfeits, copies or colorable imitations of the CodeGear trademarks which are for use on products, containers, packaging, disks, tapes, labeling, advertising and display literature or other material not authorized by CodeGear.

    4.      That DelphiX be required to supply CodeGear or its attorneys with a complete list of entities from whom it purchased and to whom it distributed and sold products in connection with the imitation CodeGear trademark and not authorized by CodeGear.

    5.      That DelphiX be required, in accordance with 15 U.S.C § 1117, to account for and pay to CodeGear the following:

        a.      All gains, profits, benefits and advantages derived by DelphiX and three times all damages suffered by CodeGear from the above-described acts of trademark

infringement, misrepresentation, unfair trade practices and unfair competition and that such amounts be determined by the Court;

      b.    All such other damages as the Court shall deem to be just; and

      c.    All costs and attorneys' fees incurred in this action.

6.    That DelphiX be required to pay CodeGear punitive and enhanced damages and profits in an amount as the Court may determine for its malicious, willful, intentional, deliberate and tortious conduct.

7.    That DelphiX' pending trademark application serial number 77/944256 be fully and finally denied registration.

8.    That DelphiX' trademark registration number 3768914 be cancelled and removed from the Trademark Register.

9.    That CodeGear have such other and further relief or as the Court deems just and proper.

Date: May 31, 2019                    Respectfully submitted,

                                    **JONES & SPROSS PLLC**

                                    /s/ *Jennifer Brown Trillsch*
                                    Jennifer Brown Trillsch
                                    Texas Bar No. 24045571
                                    jennifer.trillsch@jonesspross.com
                                    1605 Lakecliff Hills Ln., Suite 100
                                    Austin, TX 78732
                                    Telephone: (281) 747-6020

                                    Travis C. Barton
                                    MCGINNIS LOCHRIDGE LLP
                                    600 Congress Avenue, Suite 2100
                                    Austin, Texas 78701
                                    tcbarton@mcginnislaw.com

                                    ***Attorneys for Plaintiff,***
                                    ***CodeGear LLC***